NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

APR 25 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| KAREEM HOWELL, AKA Kareem J. Howell, <br><br>         Plaintiff-Appellant, <br><br>  v. <br><br> C. TRAN, Correctional Officer; et al., <br><br>         Defendants-Appellees. | No. 18-15494 <br><br> D.C. No. 3:15-cv-05377-SI <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the Northern District of California
Susan Illston, District Judge, Presiding

Submitted April 17, 2019[**]

Before:     McKEOWN, BYBEE, and OWENS, Circuit Judges.

Kareem Howell, AKA Kareem J. Howell, a California state prisoner,

appeals pro se from the district court's summary judgment in his 42 U.S.C. § 1983

action alleging excessive force and deliberate indifference claims arising out of his

three-month stay in Santa Clara County jail.  We have jurisdiction under 28 U.S.C.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

§ 1291. We review de novo. *Glenn v. Washington County*, 673 F.3d 864, 870 (9th Cir. 2011). We affirm.

The district court properly granted summary judgment for defendants Tran and Mahaffey on Howell's deliberate indifference claims arising out of their decisions to deny or delay mental health treatment on September 1 and 14, 2015 because Howell failed to raise a genuine dispute of material fact as to whether the denial or delay of mental health treatment on either of those days resulted in any harm. *See Hallett v. Morgan*, 296 F.3d 732, 746 (9th Cir. 2002) (a prisoner alleging deliberate indifference based on delay in treatment must show that the delay caused significant harm); *see also Cano v. Taylor*, 739 F.3d 1214, 1217-18 (9th Cir. 2014) (no evidence of deliberate indifference where there were extensive medical records documenting the defendant's treatment by prison mental health professionals).

The district court properly granted summary judgment for defendant Tran on Howell's deliberate indifference claim arising out of the cell-covering incident on September 14, 2015 on the basis of qualified immunity because it was not clearly established that Tran's conduct violated the Eighth Amendment. *See Ashcroft v. al–Kidd*, 563 U.S. 731, 741 (2011) (discussing qualified immunity and noting that a right is clearly established only if "every reasonable official would have understood that what he is doing violates that right" (citation and internal quotation

marks omitted)).

The district court properly granted summary judgment for Mahaffey on Howell's excessive force claim because Howell failed to raise a genuine dispute of material fact as to whether Mahaffey pepper-sprayed or punched him during a cell extraction. *See Espinosa v. City & County of San Francisco*, 598 F.3d 528, 537 (9th Cir. 2010) (explaining framework for analyzing an excessive force claim); *see also Scott v. Harris*, 550 U.S. 372, 380 (2007) ("When opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment.").

We reject as meritless Howell's contentions that the district court improperly gave defendants legal advice, should not have permitted defendants to file a second summary judgment motion, and should not have ordered defendants to submit Howell's medical records.

We do not consider arguments raised for the first time on appeal, or matters not specifically and distinctly raised and argued in the opening brief. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**